# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| CHARLES ADAM FIECHTNER, SR., | CV 11-7-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| JOANNE PEEVEY, CHARLES W. SCHUYLER, HAL BLAKE PEEVEY, II, SCOTT SHEFLOE, ZACHARY WALL, and RICK SEEMANN, | |
| Defendants. | |

_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

On January 18, 2011, Plaintiff Charles Fiechtner, Sr. filed a Complaint together with a Motion to Proceed In Forma Pauperis under 28 U.S.C. § 1915(a). Fiechtner is proceeding pro se in this action.

A court may grant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is well established that the district

1

court has discretion in determining whether a litigant is entitled to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

The Court finds Fiechtner's Motion to Proceed In Forma Pauperis is incomplete, and does not provide the Court with sufficient financial information to determine whether he is eligible for the "privilege" of proceeding in forma pauperis. *Weller*, 314 F.2d at 600. Fiechtner has failed to provide answers to some of the questions asked on the application form, and some of the information he has provided is vague. Fiechtner must provide a clear answer to every question on the form to give the Court complete and accurate information as to Fiechtner's financial condition.

Based on the inadequate financial information Fiechtner has provided, and in view of his pro se status, the Court will afford Fiechtner an opportunity to resubmit his further financial information in support of his motion. Therefore, **IT IS HEREBY ORDERED** on or before **February 11, 2011,** Fiechtner shall fill out the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO 239) attached to this Order, and he shall file it with the Court. The Clerk of Court is directed to send a copy of the Long Form to Fiechtner with his copy of this Order.

Despite the information missing from Fiechtner's present Motion to Proceed In Forma Pauperis, the Court finds that his motion and declaration otherwise satisfy the showing required by 28 U.S.C. § 1915(a). Because it appears Fiechtner may lack sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his Motion to Proceed In Forma Pauperis is **CONDITIONALLY GRANTED**, subject to Fiechtner's compliance with the provisions of this Order requiring him to file the Long Form application as directed above. At this juncture, this action may proceed without prepayment of the filing fee, and the Clerk of Court shall file Fiechtner's Complaint as of January 18, 2011.

Following review of Fiechtner's Long Form application the Court will reconsider whether he remains eligible to proceed in forma pauperis. If Fiechtner fails to file the Long Form, the conditional grant of his Motion to Proceed In Forma Pauperis will be subject to revocation.

The Court notes that Fiechtner has seven other recently filed lawsuits pending in this Court identified as follows:

> *Fiechtner v. GEICO Ins., et al.*, CV 11-6-M-DWM-JCL
> *Fiechtner v. Cookies Market/Garson, et al.*, CV 11-10-M-DWM-JCL
> *Fiechtner v. Motor Vehicle Commission, et al.*, CV 11-12-M-DWM-JCL
> *Fiechtner v. Bio Life Plasma, et al.*, CV 11-13-M-DWM-JCL
> *Fiechtner v. Maricopa Integrated Health System Emergency, et al.*,
>     CV 11-14-M-DWM-JCL
> *Fiechtner v. Goldberg and Osborne, et al.*, CV 11-15-M-DWM-JCL

*Fiechtner v. Highland Park Apts., et al.*, CV 11-16-M-DWM-JCL

Fiechtner's in forma pauperis applications filed in these referenced cases are similarly incomplete. Therefore, Fiechtner is advised that once his new Long Form application is filed in this action the Court will deem the form filed in all of the referenced actions for purposes of assessing Fiechtner's eligibility for proceeding in forma pauperis in those cases.

Pending further review of Fiechtner's financial condition, the Court will proceed to consider whether his Complaint is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2) below. The federal statute under which leave to proceed in forma pauperis is permitted requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or

>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Fiechtner's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

Fiechtner commenced this action seeking compensation for personal injuries he allegedly sustained in a motor vehicle collision in Missoula, Montana on September 16, 2009.[1] As best as can be ascertained from Fiechtner's allegations, it appears he was involved in a collision with a vehicle owned by Defendant Charles Schuyler and driven by Defendant JoAnne Peevey. He also alleges Defendants Rick Seemann and Zachary Wall, Missoula Police Traffic Officers, made unspecified fraudulent or false statements with respect to the collision.

---

[1]Fiechtner's Complaint identifies a second putative plaintiff, Patricia Reed, who was apparently also involved in the accident and also sustained injuries. Reed, however, has not filed a motion to proceed in forma pauperis, and she has not signed Fiechtner's Complaint. Although Fiechtner is permitted to represent himself in this action (28 U.S.C. § 1654), a non-attorney pro se litigant may not represent other parties in litigation filed in federal court. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (citing numerous cases baring pro se litigants from representing other parties). Therefore, the Court will deem this action as filed only by Fiechtner, without prejudice to any rights or claims Reed may have. If Reed desires to participate in this litigation, she would have to either appear pro se to represent herself, or retain counsel to represent her in this action.

In the body of his Complaint, Fiechtner also identifies "Hal Blake Peevey, II, City Judge," and "Public Defender Scott Shefloe," as additional Defendants in this action. He does not, however, describe how either of these individuals were involved in the underlying collision.

For his relief, Fiechtner seeks compensatory damages. He describes various injuries he sustained in the motor vehicle collision, and he requests compensation for medical bills he has incurred as a result of his injuries.

### III. DISCUSSION

Because Fiechtner is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2) above, to avoid dismissal Fiechtner's Complaint must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[2]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346).

---

[2] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

### A. Diversity Jurisdiction is Absent

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). Each plaintiff must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Diversity of citizenship is lacking on the face of Fiechtner's Complaint. Fiechtner states he is a citizen of Montana, and that "JoAnne Peevey, et al" are also citizens of Montana. Therefore, the existence of non-diverse citizenship in this case defeats diversity jurisdiction under 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction

As presently pled, Fiechtner's Complaint also fails to set forth any basis for federal question jurisdiction under 28 U.S.C. § 1331. Fiechtner's Complaint does not expressly plead any cause of action arising under the United States Constitution, or the laws or treaties of the United States as required for jurisdiction under § 1331. Instead, Fiechtner's allegations focus only on the fact he was

injured in a motor vehicle collision allegedly caused by JoAnne Peevey. These allegations, without more, do not invoke any provision of the United States Constitution or federal law, and do not demonstrate that the events surrounding the collision violated any federal right. Rather, Fiechtner's claims arise only under Montana law.

Despite the absence of any basis for subject matter jurisdiction on the face of the Complaint, the Court recognizes that Fiechtner's allegations purport to identify two Missoula Police Traffic Officers (Wall and Seemann), and a "City Judge" (Hal Blake Peevey, II) as Defendants. In light of Fiechtner's reference to these individuals' official governmental positions, the Court must consider whether Fiechtner's possible claims against these individuals give rise to any federal claim which, in turn, would be a predicate basis for federal subject matter jurisdiction.

In considering Fiechtner's vague allegations against Wall, Seemann, and Hal Blake Peevey, II, the Court finds they could be liberally construed to assert a claim under 42 U.S.C. § 1983. Section 1983 states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state official or employee if the plaintiff can establish that the official or employee was acting under color of state law and deprived the plaintiff of a federal right.

Because Fiechtner does not elaborate further as to Wall, Seemann, and Hal Blake Peevey, II's roles in the events giving rise to this lawsuit, Fiechtner has failed to state a claim for relief under § 1983. He has failed to set forth allegations describing any conduct committed by these three individuals, acting under color of state law, which deprived Fiechtner of any right under either the United States Constitution or federal law.

Assuming Hal Blake Peevey, II was acting in the capacity as City Judge in relation to Fiechtner, he may be entitled to judicial immunity against claims Fiechtner may have against him. A plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Exceptions to judicial immunity exist only where the judge's actions were not taken in the judge's judicial capacity (*Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000)), or where the judge has acted "in the 'clear absence of all

jurisdiction[.]' " *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) and *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). Section 1983 also protects judicial officers against injunctive relief requested by a plaintiff. *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004).

Fiechtner has not set forth any specific allegations against Hal Blake Peevey, II. Therefore, at this stage of the pleadings the Court cannot determine whether Peevey, II would be entitled to judicial immunity from suit.

Based on the foregoing, the Court finds Fiechtner's Complaint is subject to dismissal for failure to state a claim on which relief could be granted under § 1983, and for lack of jurisdiction. In view of Fiechtner's pro se status, however, the Court will afford him an opportunity amend his allegations to cure the defects noted in this Order.

For purposes of drafting his amended complaint, Fiechtner is advised that Federal Rules of Civil Procedure Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Fiechtner should only provide short, plain statements advising the Court of the following:

(1) what it is that JoAnne Peevey, Charles Schuyler, Hal Blake Peevey, II, Scott Shefloe, Zachary Wall and Rick Seemann each did or failed to do;

(2) the specific federal right plaintiff believes was violated by the conduct of each Defendant; and

(3) what injury Fiechtner suffered as a result of each Defendant's conduct.

Additionally, Fiechtner shall set forth facts supporting his assertion that Hal Blake Peevey, II is a City Judge. Specifically, Fiechtner shall identify the court in which Peevey, II serves as a City Judge, and he shall describe the conduct in which Peevey, II engaged in his capacity as a City Judge in relation to Fiechtner which Fiechtner contends gives rise to his claim for liability against Peevey, II.

**ACCORDINGLY, IT IS HEREBY ORDERED** that on or before **February 11, 2011,** Fiechtner shall file an amended complaint. The Clerk of Court is directed to provide him with a form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Fiechtner's amended complaint shall set forth a short and plain statement of (1) his claims against each individual defendant showing that he is entitled to relief, and (2) the grounds for the court's jurisdiction over this action.

At all times during the pendency of this action, Fiechtner shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Fiechtner is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 31st day of January, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge