**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

CHARLES ADAM FIECHTNER, SR.,          CV 11-7-M-DWM-JCL

          Plaintiff,

                               FINDINGS AND
      vs.                      RECOMMENDATION

JOANNE PEEVEY, CHARLES W.
SCHUYLER, HAL BLAKE PEEVEY, II,
SCOTT SHEFLOE, ZACHARY WALL,
and RICK SEEMANN,

          Defendants.
_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff Charles Fiechtner, Sr. has filed an amended application to proceed

in forma pauperis as directed by the Court's Order entered January 31, 2011.

Upon review of his application the Court finds Fiechtner's declaration satisfies the

financial eligibility standard applicable under 28 U.S.C. § 1915(a).  Therefore, **IT**

**IS HEREBY ORDERED** that Fiechtner is granted leave to proceed in forma

pauperis, and this action may proceed without payment of the filing fee.

Fiechtner has also filed an Amended Complaint as required by the January

31, 2011 Order.  In view of Fiechtner's in forma pauperis status, the Court must

1

conduct a preliminary screening of his allegations pursuant to 28 U.S.C. §

1915(e)(2).  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court determines
> that–
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal–
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune
>>> from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review Fiechtner's Amended

Complaint to consider whether it can survive dismissal under these provisions.

*See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Fiechtner commenced this action on January 18, 2011, when he filed his

original Complaint.  In substance, Fiechtner's Complaint sought compensation for

personal injuries he allegedly sustained in a motor vehicle collision in Missoula,

Montana on September 16, 2009.

The Court conducted a preliminary review of Fiechtner's Complaint, and by

Order entered January 31, 2011, the Court noted numerous defects in the

allegations of that Complaint which rendered it subject to dismissal.  The Court,

however, afforded Fiechtner an opportunity to cure the referenced deficiencies,

and to file an Amended Complaint.

Fiechtner's Amended Complaint again advances claims for relief arising

from injuries he received in an automobile accident that occurred in Missoula,

Montana.  His allegations, however, do not describe the accident, and do not

provide any factual description of any act or omission of any of the Defendants

named in the pleading.

## III.  DISCUSSION

Fiechtner is proceeding pro se in this case.  Therefore, the Court must

construe his pleading liberally, and the pleading is held to less stringent

standards.[1]  A court should consider granting a pro se litigant an opportunity to

amend a defective pleading unless the court determines that the pleading could not

possibly be cured by the allegation of other facts.[2]

---

[1]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

[2]*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## A. __Jurisdiction__

In its January 31, 2011 Order, the Court identified jurisdictional defects that existed in the allegations of Fiechtner's original Complaint.  The Court advised Fiechtner as to the nature of the factual allegations he must include in his pleading to establish that the Court has jurisdiction over this action.  Fiechtner, however, has again failed to plead any factual allegations sufficient to invoke the Court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).[3]

A federal court does not automatically have jurisdiction over any and all complaints filed with the court.  Rather, a federal court's jurisdictional authority is limited, and the court may presume that a lawsuit lies outside its limited jurisdiction.[4]  A plaintiff must show that jurisdiction is proper in this court.[5]

Based on the allegations set forth in the Amended Complaint, the only potential grounds for jurisdiction over this action are either diversity of citizenship jurisdiction under 28 U.S.C. § 1332, or federal question jurisdiction under 28

---

[3]Pro se litigants are "bound by the rules of procedure."  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

[4]*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

[5]*Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

U.S.C. § 1331.  Fiechtner's Amended Complaint, however, fails to set forth factual allegations sufficient to show that this Court has jurisdiction over the subject matter of his complaint.

### 1. Diversity Jurisdiction is Absent

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and each of the defendants.[6]  That means that each plaintiff must be a citizen of a state that is different than the state of which each defendant is a citizen.[7]

Fiechtner's Amended Complaint continues to suffer from the same defects identified in the Court's January 31, 2011 Order.  Read together, Fiechtner's original Complaint and his Amended Complaint state that he is a citizen of Montana, and also that JoAnne Peevey is a citizen of Montana.  Because Fiechtner and Peevey are apparently citizens of Montana the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

---

[6]*Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)).

[7]*Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

## 2.  Federal Question Jurisdiction

Federal question jurisdiction exists over "all civil actions arising under the

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Although

Fiechtner makes a bare allegation that his cause of action stems from

"constitutional & civil rights" violations, the supporting factual allegations in his

Amended Complaint do not plead any cause of action arising under any specific

provision of the United States Constitution, or the laws or treaties of the United

States as required for jurisdiction under § 1331.  Instead, Fiechtner's allegations

focus only on his injuries and the damages he has sustained without describing any

conduct committed by any Defendant, and without identifying any specific

constitutional right any Defendant may have violated.  Thus, Fiechtner's

allegations in his Amended Complaint again fail to state a claim for relief arising

under any provision of federal law.

The Court notes that in its January 31, 2011 Order, it identified 42 U.S.C. §

1983 as a potential basis for a federal claim against Defendants Seemann and Wall

which, in turn, would be a sufficient basis for federal subject matter jurisdiction.

The Court advised Fiechtner that a viable claim under § 1983 could exist if he set

forth factual allegations establishing that Seemann and Wall were state officials or

employees who, while acting under color of state law, deprived him of a federal

right.  As in his original Complaint, Fiechtner's Amended Complaint again fails to

set forth any allegations that would state a claim for relief under § 1983 — he has

not advanced any facts identifying any conduct committed by Seemann or Wall

which deprived Fiechtner of any right under either the United States Constitution

or federal law.

Based on the foregoing, the Court finds Fiechtner's Amended Complaint is

subject to dismissal for failure to state a claim on which relief could be granted

under § 1983, and for lack of jurisdiction.  Having previously afforded Fiechtner

an opportunity to cure the defects in his original Complaint, and to file an

Amended Complaint which sufficiently invokes the Court's jurisdiction, the Court

finds that Fiechtner's Amended Complaint could not possibly be cured by the

allegation of other facts.  Therefore, it should be dismissed.

The Court notes that the substance of Fiechtner's allegations may state

claims under the laws of the State of Montana.  Therefore, it would appear that his

claims might be properly brought in the state district court in Missoula, Montana.

### B.  Additional Parties

Fiechtner makes the following bare statement in his Amended Complaint:

"Also asking Unitrin and USAA Insurance to be amended."  He does not present

any additional information indicating how these entities are involved in the subject

of this action.  Therefore, Fiechtner's Amended Complaint fails to state any claim

upon which relief could be granted against those entities, and fails to establish this

Court has jurisdiction over any possible claims that could be pled against those

entities.

## IV.  CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that this

action be **DISMISSED** for failure to state a claim on which relief may be granted,

and for lack of jurisdiction.

DATED this 28th day of February, 2011.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge